**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PHILLIP J. BARKER; DOROTHY E.
BARKER,
<u>Plaintiffs-Appellants,</u>

v.                                                                          No. 98-1882

RICHARD M. STEARNS, Trustee-in-
Bankruptcy,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-98-118-5-BR, BK-97-51-5-ATS)

Submitted: February 18, 1999

Decided: May 24, 1999

Before ERVIN, NIEMEYER, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James P. Green, Jr., Henderson, North Carolina, for Appellants. Rich-
ard M. Stearns, BANKRUPTCY TRUSTEE, Kinston, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Barkers filed a petition under Chapter 12 of the bankruptcy code in January 1997. They entered into an agreement with the trustee in which they agreed that the trustee would sell all of the Barkers' farm, except for their house and twenty acres. The land was sold at public auction in November 1997. The Barkers filed a motion to delay confirmation of the sale and, after a hearing, the bankruptcy court denied their motion and approved the sale by order entered December 11, 1997. The Barkers' motion to vacate the confirmation of the sale was denied and the sale was concluded in February 1998.

The Barkers appealed to the district court seeking an order setting aside the sale of their farm and giving them the opportunity to purchase it from the bankruptcy trustee. The district court dismissed their appeal as moot because the Barkers failed to obtain a stay pending appeal. This appeal followed.

The trustee contends that because the Barkers failed to seek a stay of the bankruptcy court's order authorizing the sale, 11 U.S.C. § 363(m) (1994), applies and renders this appeal moot. We agree. Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In Development Co. of Am. v. Adamson Co. (In re Adamson Co.), 159 F.3d 896, 897 (4th Cir. 1998), this court held that a lessor's fail-

2

ure to obtain a stay of the bankruptcy court's order authorizing the sale of the debtor's assets and assumption and assignment of the debtor's lease to a good faith purchaser rendered moot the lessor's appeal from the authorization order. See also In re Stadium Management Corp., 895 F.2d 845, 847 (1st Cir. 1990) ("[a]bsent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it would have determined the issues differently"). Here, the Barkers' failure to obtain a stay renders this appeal moot. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3